IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ARTHUR LUCIUS MOORE JR.,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | EP-25-cv-00487-KC-RFC |
| § | |
| **COMMISSIONER OF SOCIAL** § | |
| **SECURITY,** § | |
| § | |
| *Defendant.* § | |

## REPORT AND RECOMMENDATION

On this day, the Court considered Plaintiff Arthur Lucius Moore Jr.'s Motion to Proceed *in Forma Pauperis* [hereinafter "Mot."], ECF No. 1.  The above-referenced case was assigned to United States District Judge Kathleen Cardone and referred to the undersigned Magistrate Judge.

### I.   DISCUSSION

Decisions to "permit or deny an applicant to proceed *in forma pauperis* [are] within the sound discretion of the Court." *Newberry v. Soto*, No. EP-23-CV-00084-DCG, 2023 WL 3509712, at *1 (W.D. Tex. Apr. 17, 2023), *report and recommendation adopted*, No. EP-23-CV-00084-DCG, 2023 WL 3302834 (W.D. Tex. May 8, 2023) (quoting *Chineme v. Hayes*, No. 21-CV-1851, 2021 WL 5910684, at *1 (N.D. Tex. Nov. 29, 2021)).  To be granted *in forma pauperis* status, applicants must show that they are "unable to pay such fees or give security therefor." 28 U.S.C.A. § 1915(a)(1).

In determining whether applicants have demonstrated that they are entitled to proceed *in forma pauperis*, courts may "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Shannon v. Omni Logistics LLC*, No. EP23CV00384KCMAT, 2023 WL

8456146, at *1 (W.D. Tex. Oct. 18, 2023), *report and recommendation adopted*, No. EP-23-CV-384-KC, 2023 WL 8113826 (W.D. Tex. Nov. 22, 2023) (quoting *Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *report and recommendation adopted*, 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022)). An applicant's reported income includes not only income generated by employment, but also any disability or monthly payments received by the applicant. *See Rowe v. Gonzalez*, No. 4:14-CV-655-A, 2014 WL 11517847, at *1 (N.D. Tex. Aug. 20, 2014) (collecting cases). To grant a motion to proceed *in forma pauperis*, a court must find that the applicant is unable to advance the filing fees or costs of litigation in light of his claimed household income and expenses.

In his Motion, Plaintiff indicated that he receives $3,831.00 in disability payments each month, along with $1,560.00 in monthly retirement benefits. Thus, the combined monthly payment received by Plaintiff equals $5,391.00 per month, or $64,692.00 per year. This places Plaintiff's income at over 400% of the 2025 Federal Poverty Level for the state of Texas for a household of one, or 300% for a household of two. *See* HHS, 2025 Poverty Guidelines at 1–2, https://aspe.hhs.gov/sites/default/files/documents/dd73d4f00d8a819d10b2fdb70d254f7b/detailed-guidelines-2025.pdf (last visited Oct. 22, 2025). Moreover, Plaintiff indicates that he spends $1,279.00 on monthly household expenses. *See* Mot. 4. Thus, Plaintiff's household has $4,112.00 in discretionary income each month. Given this surplus income, along with the $5,511.00 Plaintiff has saved in checking and saving accounts, Mot. 2, the Court finds that Plaintiff should not be excused from paying the filing fees in this case. *See Hornsby v. Grippando*, No. 3:24-CV-2663-E-BW, 2024 WL 4806225, at *1 (N.D. Tex. Oct. 28, 2024) (recommending denial of motion to proceed in forma pauperis where plaintiff's combined household income amounted to 150% of the

poverty threshold and plaintiff's household had a combined monthly surplus of $500.00 per month). Accordingly, the Plaintiff's Motions to Proceed *in Forma Pauperis* should be denied.

## II.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff Arthur Lucius Moore Jr.'s Motion to Proceed *in Forma Pauperis* [hereinafter "Mot."], ECF No. 1, be **DENIED**.

**SIGNED** this 2nd day of December, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**