**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ARTHUR M.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **EP-25-cv-00487-RFC** |
| | § | |
| **FRANK BISIGNANO, Commissioner of the Social Security Administration,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER ON SSA APPEAL**

Plaintiff Arthur M. appeals from the Commissioner of the Social Security Administration's decision to deny his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act and Supplement Security Income ("SSI") under Title XVI. Pl.'s Br., ECF No. 13 [hereinafter "Pl.'s Br."]. Upon both parties' consent to proceed before a U.S. Magistrate Judge, the Honorable U.S. District Judge Kathleen Cardone transferred this case to the undersigned to conduct all proceedings pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Rules. Order Ref.'g U.S. Mag. J., ECF No. 11. For the following reasons, the Court **ORDERS** that the Commissioner's decision be **AFFIRMED**.

## I. LEGAL STANDARD

### A. Standard of Review

Judicial review of a Commissioner's decision "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the

Commissioner applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart,* 415 F.3d 457, 461 (5th Cir. 2005)) (citing 42 U.S.C. § 405(g)). Substantial evidence exists where there is "more than a scintilla but less than a preponderance" of evidence on the record to support the Commissioner's decision, or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Copeland*, 771 F.3d at 923 (quoting *Perez*, 415 F.3d at 461). However, while a court must affirm findings supported by substantial evidence, reversal and remand are appropriate where "no credible evidentiary choices or medical findings support the [Commissioner's] decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel,* 209 F.3d 413, 417 (5th Cir. 2000)).

In determining whether the Commissioner's decision is supported by substantial evidence, courts weigh "1) objective medical facts; 2) diagnoses and opinions of treating and examining physicians; 3) [the] claimant's subjective evidence of pain and disability; and 4) [the] claimant's age, education, and work history." *Wren v. Sullivan,* 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)). A reviewing court may not "reweigh the evidence in the record, try the issues *de novo*, or substitute [its] judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

**B. Disability Evaluation Process[1]**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."

[1] The standards and processes for determining disability are the same under Title II and Title XVI of the Social Security Act. *See e.g.,* 20 C.F.R. § 404.1520 (c); 20 C.F.R. § 416.920(c). Therefore, throughout this order the Court will refer to the standards under Title II.

42 U.S.C. § 423(d)(1)(A). Administrative Law Judges ("ALJs") evaluate disability claims according to a five-step sequential process, in which they determine (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has suffered from a severe medically determinable impairment meeting specified durational requirements; (3) whether the claimant's impairment meets or medically equals the severity of an enumerated impairment; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520(a)(4). If an ALJ finds that a claimant has severe impairments not enumerated at step three, he must determine the claimant's "residual functional capacity" ("RFC") and consider this RFC at steps four and five. *Id.* § 404.1520(e). The RFC "is the most [the claimant] can still do" despite the limitations caused by physical or mental impairments. *Id*. § 404.1545(a)(1).

## II. BACKGROUND

On January 5, 2023, Plaintiff filed DIB and SSI applications for a period of disability beginning on July 20, 2022. SSA Tr. 34, ECF No. 9 [hereinafter "Tr."]. Plaintiff remains insured through December 31, 2027. *Id*. at 35. The claims were initially denied on October 31, 2023, and denied upon reconsideration on March 13, 2024. *Id*. at 34. On November 14, 2024, upon Plaintiff's request, an administrative hearing was held. *Id*. ALJ Michael S. Hertzig released his opinion on December 20, 2024; ultimately determining Plaintiff was not disabled. *Id*. at 45.

Applying the required five-step analysis to Plaintiff's claim, the ALJ first found that Plaintiff had not engaged in substantial gainful activity since July 20, 2022. Tr. at 36. At the second step, the ALJ determined, "[the Plaintiff] has the following severe impairments: major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder (PTSD)." *Id*. at 37.

At step three the ALJ concluded Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 39. The ALJ concluded that Plaintiff had an RFC to "perform a full range of work at all exertional levels but with the following nonexertional limitations. The claimant can understand, remember, and carry out complex instructions and can occasionally interact with the public." *Id*. at 40. The ALJ found that Plaintiff was unable to perform any past relevant work. *Id*. at 43. The ALJ also found that there were jobs in significant numbers in the national economy that Plaintiff could perform. *Id*. at 44.

Following the ALJ's opinion, Plaintiff requested review from the Appeals Council, on February 18, 2025. Tr. 285. The Appeals Council subsequently denied this request, and the ALJ's decision became the Commissioner's final decision in Plaintiff's case. *Id.* at 1.

## III. DISCUSSION

In his request for review, Plaintiff asserts that the RFC is unsupported because the ALJ improperly rejected Dr. Shamma's physical RFC assessment without performing the required supportability and consistency analyses. Pl.'s Br. 1. Plaintiff further argues this error was not harmless; therefore, reversal is warranted. *Id*. at 10.

### A. The ALJ's supportability analysis of Dr. Shamma's administrative finding is sufficient.

When considering the persuasiveness of medical opinions ALJ's are required to consider five factors, the most important of which are supportability and consistency. *See* 20 C.F.R. § 404.1520(c)(B)(2). ALJ's are required to articulate how they "considered the supportability and consistency factors for a . . . prior administrative medical findings in [a claimant's] determination or decision." *Id*. The supportability factor is defined as "[t]he more relevant the objective medical

evidence and supporting explanations presented by a medical source are to support his or her . . . prior administrative medical finding(s), the more persuasive the . . . prior administrative medical finding(s) will be." *Id.* § 404.1520(c)(C)(1).

In articulating an ALJ's supportability and consistency analyses, there are no "magic words" that the ALJ must use. *See Campbell v. Colvin*, No. 4:23-CV-00349-BD, 2025 WL 77384, at *5 (E.D. Tex. Jan. 10, 2025) (citing *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021)). "Generally, there are no formalistic rules governing how an ALJ must articulate his decision." *Hubbard v. Comm'r of Soc. Sec.,* No. 4:20-cv-00588-BP*,* 2022 WL 196297*,* at *4 (N.D. Tex. Jan. 21, 2022) (citing *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994)). "At a minimum, the ALJ's discussion must give enough reasons to permit meaningful judicial review." *Hubbard*, 2022 WL 196297*,* at *4 (citing *Kinney v. Astrue*, No. 5:09-cv-00008-C-BG, 2009 WL 2981907, at *3 (N.D. Tex. Aug. 28, 2009); *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007)).

"The ALJ does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination." *Price v. Austre,* 401 Fed. Appx. 985, 986 (5th Cir. 2010) (per curiam). This logical bridge must be sufficient so to not leave the reviewing court "to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Chavarria v. Kijakazi,* EP-22-CV-00407-KC-RFC*,* 2023 WL 3984857*,* at *3 (W.D. Tex. June 13, 2023) (quoting *Cooley v. Comm'r of Soc. Sec*., 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021)), *R. & R. adopted* 2023 WL 4237594. "[T]he ALJ cannot summarize the entire record and summarily conclude that, in light of that record, one medical opinion is persuasive and the other is not persuasive." *Pearson v. Comm'r of Soc. Sec.*, NO. 1:20-CV-166-HSO-RPM, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021) (citing *Raymond M. v.*

*Comm'r of Soc. Sec*., No. 5:19-CV-1313, 2021 WL 706645, at *10 (N.D.N.Y. Feb. 22, 2021)), *R. & R. adopted* 2021 WL 3663073.

When assessing the ALJ's articulation of the supportability and consistency factors, "the court must consider more than just the part of the decision directly discussing a specific opinion. Other parts of a decision may well add to the explanation." *Clay v. Kijakazi*¸ NO. 4:21CV149-SA-DAS, 2022 WL 13989015, at *6 (N.D. Miss. Oct. 21, 2022) (citing *Hubbard*, 2022 WL 196297*,* at *4). The Court can consider the opinion as a whole to the extent discussion in different sections are clearly relevant to the ALJ's persuasiveness analysis. *See Chavarria,* 2023 WL 3984857, at *4 (citing *Shelby v. Comm'r of Soc. Sec*., No. 9:21-CV-00038-TH, 2022 WL 18356684, at *7 (E.D. Tex. Dec. 15, 2022); *Clay*, 2022 WL 13989015, at *6).

Plaintiff challenges the ALJ's supportability and consistency analyses of Dr. Shamma's administrative finding. Pl.'s Br. 1. The ALJ rejected Dr. Shamma's physical limitations when crafting Plaintiff's RFC. *See* Tr. 40. The ALJ concluded Dr. Shamma's administrative finding was not persuasive. *Id*. at 43. When discussing supportability, the ALJ concluded that Dr. Shamma's finding was supported by the evidence available at the time of the assessment. *Id*.

The ALJ detailed the evidence available to Dr. Shamma earlier in his opinion when analyzing Plaintiff's severe impairments. *See id*. at 38. The ALJ discussed the evidence in the record regarding Plaintiff's physical ailments; including ambulating with a cane and bilateral hip pain. *Id*. When reading the ALJ's analysis of the objective medical evidence regarding Plaintiff's physical impairments, *see id*, together with his conclusion that the assessment was supported, *see id*. at 43, this illustrates a logical bridge allowing this Court to understand why the ALJ found the administrative finding to be supported. The ALJ articulated what the objective medical evidence regarding Plaintiff's physical impairments demonstrated, and concluded that the evidence

supported Dr. Shamma's opinion. This articulation took place throughout the opinion, and not just in the one paragraph where the ALJ specifically discussed the persuasiveness of Dr. Shamma's opinion. Additionally, other courts have held that even "terse" findings may be sufficient to indicate that the ALJ used the correct standard; making remand inapplicable. *Campbell,* 2025 WL 77384, at *5 (citing *Keel*, 986 F.3d at 556; *Miller v. Comm'r of Soc. Sec.*, No. 120-CV-00194-HSO-RPM, 2022 WL 566175, at *6 (S.D. Miss. Feb. 24, 2022)). Therefore, this Court holds that when reading the ALJ's opinion as a whole, the ALJ's articulation of the supportability factor is sufficient.

**B. The ALJ's consistency analysis of Dr. Shamma's administrative finding is sufficient.**

The consistency factor is defined as "[t]he more consistent a . . . prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the . . . prior administrative medical finding(s) will be." 20 C.F.R § 404.1520(c)(C)(2). When discussing the persuasiveness of Dr. Shamma's administrative finding the ALJ concluded, "[the finding] is inconsistent with more recent evidence that documents good recovery from bilateral mastectomies and little ongoing evidence of physical pain or limitation." Tr. 43.

When analyzing Plaintiff's severe impairments, the ALJ recounted Plaintiff's treatment for breast cancer including undergoing bilateral mastectomies. Tr. 37. The ALJ discussed how the record showed Plaintiff suffered from muscle spasms of his chest and numbness in his right forearm following the mastectomies. *Id.* These records were available to Dr. Shamma when she conducted her review.[2] The ALJ went on to discuss how more recent medical records indicated

[2] Dr. Shamma released her administrative finding on October 31, 2023. Tr. 155. The medical records indicating complaints of chest spasms and numbness are from August of 2023. *Id.* 37.

that Plaintiff did not complain of any musculoskeletal issues, and all musculoskeletal findings were normal. *See id*. The ALJ concluded that the record did not support a finding of severe physical impairments stemming from Plaintiff's breast cancer treatment. *Id*. Reading the analysis of the medical records following the bilateral mastectomies, together with the conclusion that Dr. Shamma's finding is inconsistent with more recent evidence documenting good recovery from the procedure, illustrates the logical bridge the ALJ used to conclude that the finding was not consistent. The ALJ evaluated the evidence from medical sources and found that Dr. Shamma's finding was not consistent with the new evidence that was not available at the time Dr. Shamma conducted her assessment. Reading the two sections together provides enough analysis for the Court to understand the ALJ's reasoning and not be left to speculate. *See Chavarria,* 2023 WL 3984857*,* at *3 (citing *Cooley*, 587 F. Supp. 3d at 499).

When assessing Plaintiff's severe impairments, the ALJ also discussed Plaintiff's complaints regarding his hips. Tr. 38. The ALJ noted in March 2023, Plaintiff complained of bilateral hip pain, and that health providers noted his non-prescribed use of a cane for ambulating. *Id*. The ALJ went on to discuss how more recent records indicated Plaintiff had a steady gait, needed no assistance getting out of a chair, denied musculoskeletal complaints, and his musculoskeletal findings were normal. *Id*. These records led the ALJ to conclude that Plaintiff had degenerative changes in his hips; but the complaints of hip pain and physical limitation occurred from March 2023 to August 2023. *Id*.

Later in the opinion, the ALJ concluded Dr. Shamma's finding was inconsistent with more recent evidence that showed "little ongoing evidence of physical pain or limitation." Tr. 43. The ALJ discussed the new evidence in more recent medical records earlier in his opinion. *Id*. at 38. Reading these two sections together, the ALJ clearly articulated how the record showed a lack of

evidence of ongoing physical pain or limitation. This inconsistency between Dr. Shamma's finding of physical limitations and the more recent medical records is what led the ALJ to conclude that Dr. Shamma's finding was not consistent with new evidence; therefore, leading the ALJ to conclude the finding was not persuasive. This is sufficient analysis to allow the Court to conduct meaningful judicial review of the ALJ's persuasiveness finding. *See Hubbard*, 2022 WL 196297*,* at *4 (citing *Kinney*, 2009 WL 2981907, at *3; *Audler*, 501 F.3d 446). Therefore, the Court finds the ALJ's supportability and consistency analyses of Dr. Shamma's administrative finding are sufficient; therefore, the ALJ applied the correct legal standard and did not err.

**C. The ALJ's supportability analysis of Dr. Carrion's administrative finding is sufficient.**

In his brief Plaintiff argues the ALJ's analysis of Dr. Carrion's administrative finding failed to meet the requirements of 20 C.F.R. § 404.1520(c). Pl.'s Br. 8. When analyzing Dr. Carrion's administrative finding the ALJ stated "Dr. Carrion's administrative finding is persuasive as it is supported by his review of the evidence and explanation and consistent with the evidence as a whole." Tr. 43. Dr. Carrion's administrative finding was released on December 6, 2023. *Id*.

As discussed above, *see supra* Section III.A, the ALJ discussed in detail the objective medical evidence regarding Plaintiff's physical impairments, *see* Tr. 37-38. The ALJ noted that Dr. Carrion's administrative finding was supported by the additional evidence available to him including "the mostly normal physical examination findings and noted that breast cancer was projected to be non-severe within 12 months after surgery." Tr. 43. Reading the detailed analysis of the medical records together with the ALJ's explanation of how the additional evidence supported Dr. Carrion's administrative finding, creates a logical bridge that allows this Court to understand the ALJ's reasoning, allowing for meaningful judicial review. *See Hubbard*, 2022 WL 196297*,* at *4 (citing *Kinney*, 2009 WL 2981907, at *3; *Audler*, 501 F.3d 446). Therefore, this

Court finds that the ALJ's supportability analysis of Dr. Carrion's administrative finding is sufficient.

**D. The ALJ's consistency analysis of Dr. Carrion's administrative finding is sufficient.**

When analyzing Dr. Carrion's administrative finding the ALJ stated, "Dr. Carrion's administrative finding is persuasive as it is supported by his review of the evidence and explanation and consistent with the evidence as a whole." Tr. 43. As discussed above, *see supra* Section III.B, the ALJ discussed in detail the objective medical evidence and how the reports of physical impairments changed over time, *see* Tr. 37-38. While discussing the Plaintiff's severe impairments the ALJ determined the evidence as a whole indicated that the Plaintiff did not have any physical impairments. *Id*. In a later section the ALJ concluded that Dr. Carrion's administrative finding that did not include any physical limitations, was consistent with the evidence already discussed. *See id*. at 43. Reading the opinion as a whole, the Court is able to ascertain the reasons why the ALJ found Dr. Carrion's administrative finding persuasive. *See Hubbard*, 2022 WL 196297, at *4 (citing *Kinney*, 2009 WL 2981907, at *3; *Audler*, 501 F.3d 446). Therefore, this Court finds the ALJ's consistency analysis of Dr. Carrion's administrative finding is sufficient.

**E. The ALJ's decision is supported by substantial evidence.**

At the end of his brief, Plaintiff argues that the ALJ failed to appropriately develop the record and improperly interpreted medical evidence. Pl.'s Br. 9. However, "ALJs are given the 'sole responsibility' to make RFC determinations, and they are 'free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Sprowl v. Comm'r of Soc. Sec.,* 794 F. Supp. 3d 477, 485 (W.D. Tex. 2025) (quoting *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012)). As discussed above, *see supra* Section III.B, the ALJ carefully detailed the objective medical evidence and articulated how that evidence supported his decision. Additionally, upon

careful review of the record, this Court finds there is substantial evidence to support the ALJ's decision.

## I. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the decision of the Commissioner be **AFFIRMED**.

**SIGNED** this 15th day of September, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**